UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL MARTINKA,<br><br>                              Plaintiff,<br><br>   - against -<br><br>BEASLEY BROADCAST GROUP, INC.<br><br>                             Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Paul Martinka ("Martinka" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Beasley Broadcast Group, Inc. ("Beasley" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant unauthorized reproduction and public display of a voting ballot, owned and registered by Martinka, a New York City based photojournalist. Accordingly, Martinka seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Martinka is a professional photojournalist in the business of licensing his Photograph to online, print, and television stations for a fee, having a usual place of business at 593 Vanderbilt Avenue, Suite 151, Brooklyn, New York 11238. Martinka's photographs have appeared in many publications around the United States.

6.     Upon information and belief, Beasley is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 3033 Riviera Drive, Suite 200, Naples, Florida, 34103. At all times material hereto, Scripps has owned and operated a website at the URL: www.americaspulse1660.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7.     On or about April 21, 2016, Martinka photographed an election ballot (the "Photograph"). A true and correct copy of the Photograph are attached hereto as Exhibit A.

8.     Martinka then licensed the Photograph to The New York Post. On April 21, 2016, The New York Post ran an article that featured the Photograph on its web edition entitled *Sacrificing a few scapegoats won't fix the bungling Board of Elections*.  See http://nypost.com/2016/04/21/sacrificing-a-few-scapegoats-wont-fix-the-bungling-board-of-elections/. Martinka's name was featured in a gutter credit identifying him as the photographer of the Photograph.  A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9.     Martinka is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the United States Copyright Office and was given Copyright Registration number VA 2-008-605.

**B.     Defendant Infringing Activities**

11. Upon information and belief, Defendant ran an article on the Website entitled *It's NYC's First Relevant Primary In Decades, And Nobody Can Vote*. See http://americaspulse1660.com/2016/04/19/its-nycs-first-relevant-primary-in-decades-and-nobody-can-vote/. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

12. Defendant did not license the Photograph from Plaintiff for its article, nor did Defendant have Plaintiff's permission or consent to publish the Photograph on its Website.

<u>**FIRST CLAIM FOR RELIEF**</u>
<u>**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**</u>
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20. Defendant conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant profits, gains or advantages of any kind attributable to Defendant infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
September 26, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
   Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Paul Martinka*